RECEIVED

FEB - 1 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| VANLINER INSURANCE CO. | CIVIL ACTION NO. 12-0821 |
| VERSUS | JUDGE DOHERTY |
| BARRETT MOVING & STORAGE CO., ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Pending before this Court are a "Motion for Summary Judgment" [Doc. 16] filed by plaintiff Vanliner Insurance Company ("Vanliner") and a "Rule 56(d) Motion to Continue Hearing/Consideration of Plaintiff's Motion for Summary Judgment to Allow the Parties to Undertake and Obtain Discovery" [Doc. 23] filed by defendants Barrett Moving & Storage Company ("Barrett") and Regent Insurance Company ("Regent").[1] In their Rule 56(d) motion, Barrett and Regent argue the plaintiff "included no summary judgment type evidence" in its motion for summary judgment, and therefore, "discovery is required to establish essential facts" therein. Specifically, Barrett and Regent argue:

> Discovery is needed in this matter because it is unclear from the "evidence" submitted by plaintiff what vehicle was actually involved in the accident. It is also unclear whether the accident that involved Doucet involved the ownership, maintenance or use of the tractor-trailer insured by Vanliner. Specifically, the information sought is as follows:
>
> 1. Which "vehicle" was in use at the time of the Doucet accident;
>
> 2. Whether a "covered vehicle" was involved in the accident;
>
> 3. Whether the fatal injuries allegedly sustained by Mr. Doucet resulted from the "ownership, maintenance or use of an auto owned and operated by the insured;"

---

[1] Although Barrett and Regent filed an opposition to Vanliner's motion for summary judgment, the opposition brief presents procedural challenges to the motion, rather than substantive challenges.

4. Whether the fatal injuries allegedly sustained by Mr. Doucet resulted from the "operation" of a covered auto;

5. Whether the fatal injuries allegedly sustained by Mr. Doucet resulted from "loading and unloading" as defined by Vanliner's policy as being part of the "operations" of the insured.

Barrett and Regent further argue the foregoing information is "absolutely necessary for defendants to be able to properly respond to the Motion for Summary Judgment filed by plaintiff. Although defendants have, or will, file an Opposition to the Motion for Summary Judgment filed by plaintiff, that opposition is directed toward the procedural deficiencies of the motion, as opposed to the merits. This discovery would allow defendants to properly address the merits of the Motion for Summary Judgment."

The motion filed by Barrett and Regent is supported with the affidavit of Scott T. Winstead, who attests: (1) he is lead counsel for the parties; (2) the information sought in discovery is necessary in order for Barrett and Regent to respond to Vanliner's motion for summary judgment; (3) the information is readily available to the parties through discovery; and (4) the discovery will not unduly delay the progress of the litigation.

The information Barrett and Regent seek could, potentially, create a genuine issue of material fact. Rule 56(d) of the Federal Rules of Civil Procedure states:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>> (1) defer considering the motion or deny it;
>>
>> (2) allow time to obtain affidavits or declarations or to take discovery; or
>>
>> (3) issue any other appropriate order. Fed. R. Civ. P. 56(f).

2

As the discovery deadline in this matter is not until March 12, 2013, and the dispositive motion deadline in this matter is not until July 25, 2013, there will be no prejudice to Vanliner if this Court denies the pending motion for summary judgment as premature and permits Barrett and Regent to take additional discovery. Conversely, significant prejudice could inure to Barrett and Regent were this Court to foreclose the possibility of permitting additional discovery under the circumstances of this case.

Considering the foregoing,

IT IS ORDERED that the "Rule 56(d) Motion to Continue Hearing/Consideration of Plaintiff's Motion for Summary Judgment to Allow the Parties to Undertake and Obtain Discovery" [Doc. 23] filed by defendants Barrett Moving & Storage Company ("Barrett") and Regent Insurance Company ("Regent") is DENIED AS MOOT.

IT IS FURTHER ORDERED that the "Motion for Summary Judgment" [Doc. 16] filed by plaintiff Vanliner Insurance Company ("Vanliner") is DENIED AS PREMATURE. Once the requested discovery is completed, Vanliner may re-urge its motion.

THUS DONE AND SIGNED in Lafayette, Louisiana this 31 day of January, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

3